# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*   \*

BARBARA PERRY,             \*

                           \*      No. 17-1207V

           Petitioner,    \*      Special Master Christian J. Moran

                           \*

v.                           \*      Filed: June 24, 2022

                           \*

SECRETARY OF HEALTH    \*      Attorneys' fees and costs.

AND HUMAN SERVICES,      \*

                           \*

           Respondent.    \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*   \*

Alison H. Haskins, Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner;
Sarah C. Duncan, U.S. Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On June 8, 2021, petitioner Barbara Perry moved for final attorneys' fees and costs. She is awarded **$169,517.38**.

\*      \*      \*

On September 7, 2017, petitioner filed for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. The

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the Internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

petition alleged that the influenza ("flu") vaccine she received in her left shoulder on November 25, 2015, caused her to suffer a shoulder injury related to vaccine administration ("SIRVA").  On February 9, 2021, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on the same date.  Decision, 2021 WL 880085 (Fed. Cl. Spec. Mstr. Feb. 9, 2021).

On March 25, 2021, petitioner moved for final attorneys' fees and costs.  Pet'r's Mot., filed Mar. 25, 2021.  Petitioner requests attorneys' fees of $190,195.80 and attorneys' costs of $17,360.74 for a total request of $207,556.54. Id. at 1.  Pursuant to General Order No. 9, petitioner states that she has not personally incurred any costs in pursuit of this litigation.  Exhibit 58.  To justify the request for attorneys' fees and costs, petitioner's counsel explains that "there were several confounding factors that led to the amount of time billed."  This includes requesting voluminous medical records, conducting extensive discovery, and completing "a lengthy and detailed prehearing brief."  Exhibit 59 at ¶ 17. Petitioner's counsel notes that "a significant amount of time was expended in working with attorneys for the [American Academy American Academy of Orthopaedic Surgeons ("AAOS")] and Dr. [David] Ring to ensure that the discovery produced was complete."  Id.

Respondent filed a response to petitioner's motion on April 7, 2021, objecting to the amount of fees and costs sought.  Resp't's Resp., filed Apr. 7, 2021.  Respondent states, "Neither the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs."  Id. at 1.  Respondent adds, however, that "some requests for fees and costs are so egregious as to merit a specific objection."  Id. at 2.  Respondent argues that "the time expended by counsel is excessive and/or unreasonable, and some of the costs requested are also unreasonable."  Id. at 4.  Respondent notes that some of the time spent on tasks such as "researching and obtaining experts; discussing, reviewing, and revising expert reports; revising litigation strategy; and drafting the prehearing brief" appear unreasonable.  Id. at 4-5 n.1.  He also asserts that "petitioner's counsel engaged in block billing such that it is impossible to determine how much time counsel actually spent on certain tasks."  Id. Respondent also objects to billing for tasks that appear "ministerial."  Id. at 5. Finally, respondent objects to the amount of time spent on discovery requests regarding the AAOS and Dr. Ring, who did not provide an expert report.  Id. Respondent recommends that the undersigned "exercise [his] discretion and significantly reduce petitioner's award for attorneys' fees and costs."  Id. at 7.

2

Petitioner filed a reply on April 14, 2021, arguing that the time and costs expended were reasonable.  Pet'r's Reply, filed Apr. 14, 2021.  With respect to respondent's allegation of excessive billing entries, petitioner points out that respondent did not make specific objections to petitioner's invoice.  Id. at 13.  She adds that counsel did not bill for duplicative work or for excessive intra office communications.  Id. at 13-14.  Petitioner further notes that counsel "does not have a cache of approved and vetted experts," and claims that respondent "underestimates the actual amount of time necessary to find, vet and retain a qualified expert."  Id. at 14.  Petitioner also argues that her counsel made several attempts to resolve the case informally, starting with the first demand on June 28, 2018.  Id. at 15.  Petitioner claims that "respondent made no attempt to mitigate the amount of time and expense necessary to advance the case" until he submitted a counteroffer on October 26, 2020, the day before petitioner's prehearing brief was due.  Id. at 16.  Petitioner further argues that respondent's allegation of block billing is unfounded, and the entries respondent refers to are merely lengthy descriptions of single tasks.  Id. at 17 n.2.  Additionally, petitioner disputes respondent's claim that counsel billed for ministerial work.  Id. at 19-20.

With respect to the amount of time spent on discovery requests regarding the Position Statement (exhibit C, tab 19) from the AAOS and Dr. Ring, petitioner states that respondent's expert, Dr. Geoffrey D. Abrams, relied on the AAOS's Position Statement when formulating his opinion.  Id. at 9.[2]  She claims that the Position Statement was necessary because "it had a direct bearing on the reliability and credibility of Dr. Abrams" and "pertained to a proper SIRVA analysis [and] Althen analysis."  Id.  Petitioner adds that "the process of obtaining the full discovery was protracted and required significant review and interaction with outside counsel for the AAOS."  Id. at 10.  Petitioner further notes that additional discovery regarding Dr. Ring, a main author of the Position Statement, was necessary to assess his potential bias and conflicts of interest.  Id. at 12.  Petitioner maintains that the requested fees and costs are reasonable and asks that they "be awarded without reduction."  Id. at 23.

*       *       *

In this case, because petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

_____

[2] Exhibit C, tab 10 (Am. Academy of Orthopaedic Surgeons, Position Statement: Rotator Cuff Tendinopathy, Adhesive Capsulitis and Arthritis Cannot Be Caused by Vaccine Administration (2019)).

3

42 U.S.C. § 300aa-15(e)(1).  The Vaccine Act permits an award of reasonable attorneys' fees and costs.  §15(e).  The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process.  Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

   A. Reasonable Hourly Rates

        Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349. However, when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower, the Davis County exception applies, and petitioner's counsel is paid according to the local rate.  Id. at 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Env't Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done in Sarasota, Florida.  The local rate of Sarasota, Florida is substantially similar to the forum rate.  Therefore, the Davis County exception does not apply.

        The undersigned has reviewed the hourly rates requested by petitioner for the work of his counsel at Maglio Christopher & Toale (the billing records indicate that the majority of attorney work was performed by Ms. Alison Haskins, with supporting work from Ms. Diana Stadelnikas, Mr. Ilyas Sayeg, Mr. Isaiah Kalinowski, and Ms. LeeAnne Pedrick).  The rates requested are consistent with what these individuals have previously been awarded for their Vaccine Program work.  See, e.g., Minge v. Sec'y of Health & Hum. Servs., No., 2021 WL 5853776 (Fed. Cl. Spec. Mstr. Nov. 16, 2021); Broughal v. Sec'y of Health & Hum. Servs., No. 16-1318V, 2021 WL 1968247 (Fed. Cl. Spec. Mstr. Apr. 28, 2021).  Petitioner also requested reasonable hourly rates for work performed by paralegals. Accordingly, the requested hourly rates are reasonable.

B.  Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).  The Secretary challenged several of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing records and finds that an overall reduction to the number of hours billed is warranted.  One issue is the significant amount of time spent on researching and corresponding with experts throughout the litigation.  See, e.g., exhibit 56 at 15 (10/22/2018, 10/25/2018, 10/29/2018, 10/30/2018, 11/7/2018, and 11/20/2018 entries).  Additionally, petitioner's counsel spent an excessive amount of time conducting discovery regarding AAOS and Dr. Ring.  See, e.g., id. at 22 (5/6/2020, 5/8/2020, and 5/11/2020 entries); id. at 27 (7/17/2020 entry); id. at 33 (10/5/2020 entry); id. at 35 (10/27/2020 entry).  Given Ms. Haskins's level of experience and high hourly rate, the amount of time spent on these tasks is unreasonable.  See Barclay v. Sec'y of Health & Hum. Servs., No. 07-605V, 2014 WL 2925245, at *6 (Fed. Cl. Spec. Mstr. Feb. 7, 2014) ("A relatively high hourly rate is warranted when an attorney processes knowledge and experience to work relatively quickly."); Broekelschen v. Sec'y of Health & Hum. Servs., No. 07-137V, 2011 WL 2531199, at *4 (Fed. Cl. Spec. Mstr. June 3, 2011) (stating that an experienced attorney's high hourly rate indicates that the time she "spends on certain tasks will be less than the amount of time a less experienced attorney would spend"), mot. for rev. denied, 102 Fed. Cl. 719 (2011).

Another issue is several of the billing entries contain vague descriptions, including "[u]pdate litigation strategy" or "[r]evise litigation strategy."  See, e.g., exhibit 56 at 16 (12/3/2018, 1/2/2019, 1/30/2019, and 2/11/2019 entries). Additionally, multiple billing entries lump together separate tasks.  See, e.g., id. at 10 (5/17/2018 entry); id. at 15 (11/12/2018 entry); id. at 19 (11/5/2019 entry); id. at 22 (5/6/2020 entry).  Fee invoices must be specific and avoid "mixed entries."  See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316 (2008).  Finally, counsel and firm paralegals occasionally billed for review of the same order, resulting in an excessive amount of time expended on their review.  See exhibit 56.

The undersigned finds that to accomplish "rough justice," see Fox v. Vice, 563 U.S. 826, 837 (2011), an appropriate reduction to petitioner's fee request is 20 percent.  In determining a reasonable number of hours expended, a line-by-line evaluation of the fee application is not required.  See Wasson v. Sec'y of Health &

Hum. Servs., 24 Cl. Ct. 482, 484 (1991), aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993).

Special masters have previously reduced fees by 20 percent without conducting a line-by-line analysis.  See Mack v. Sec'y of Health & Hum. Servs., No. 15-0149V, 2017 WL 5108680, at *4-6 (Fed. Cl. Spec. Mstr. Sept. 28, 2017) (reducing fees by 20 percent for vagueness, impermissible entries, and excessive and duplicative billing without conducting a line-by-line evaluation); Boman v. Sec'y of Health & Hum. Servs., No. 15-0256V, 2017 WL 7362539, *4-*6 (Fed. Cl. Spec. Mstr. Sept. 20, 2017) (reducing fees by 20 percent for vagueness and overbilling); Willett v. Sec'y of Health & Hum. Servs., No. 15-252V, 2017 WL 3298983, at *4 (Fed. Cl. Spec. Mstr. June 2, 2017) (reducing fees by 20 percent for vagueness); Raymo v. Sec'y of Health & Hum. Servs., No. 11-654V, 2016 WL 7212323, at *18 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reducing fees by 20 percent for excessive and duplicative billing); see also Marshall v. Sec'y of Health & Hum. Servs., No. 14-491V, 2017 WL 6763068, *4 (Fed. Cl. Spec. Mstr. Dec. 7, 2017) (reducing fees by 25 percent for vagueness and excessive and duplicative billing); Helton v. Sec'y of Health & Hum. Servs., No. 16-0234V, 2017 WL 4020452, at *5-6 (Fed. Cl. Spec. Mstr. Aug. 28, 2017) (reducing fees by 25 percent for excessive billing).

Additionally, judges in the Court of Federal Claims have reduced fees by percentages greater than 20 percent without providing line-by-line analysis of the billing entries.  See Westdale Northwest Ctr. v. United States, No. 16-113, 2022 WL 1656718, at *12 (Fed. Cl. May 25, 2022) (reducing fees by 25 percent for lack of success on core claims); Yang v. United States, 156 Fed. Cl. 1, 8 (2021) (reducing total hours from 406.4 by 201.65, slightly over a 50 percent reduction in fees, for unproductive work); Greenhill v. United States, 96 Fed. Cl. 771, 780, 785 (2011) (reducing EAJA fee award by 60 percent for duplicative and excessive billing and limited success); KMS Fusion, Inc. v. United States, 39 Fed. Cl. 593, 603 (1997) (reducing fee award to 40 percent of requested attorneys' fees for vagueness).

Given the excessive amount of time counsel spent researching and corresponding with experts, the significant amount of time spent conducting discovery, and the numerous vague and mixed billing entries, an overall reduction of 20 percent is appropriate.  Accordingly, petitioner is awarded final attorneys' fees of $152,156.64.

C. <u>Costs</u>

Like attorneys' fees, a request for reimbursement of costs must be reasonable. <u>Perreira v. Sec'y of Health & Hum. Servs.</u>, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), <u>aff'd</u>, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $17,360.74 in attorneys' costs. This amount is comprised of acquiring medical records, postage, the Court's filing fee, costs associated with discovery requests, and work performed by petitioner's medical experts, Dr. Tony Korman and Dr. Marko Bodor.

Dr. Korman billed a total of 14 hours at a rate of $450.00 per hour. Exhibit 57 at 30, 33. Dr. Korman is relatively new to the Vaccine Program. He is the Director of Infectious Diseases and Director of Microbiology at Monash Health and an adjunct clinical professor and microbiologist at Monash University in Australia. Exhibit 26 (Dr. Korman's CV). He has coauthored multiple publications related to vaccines, including articles discussing adverse events following vaccination and SIRVA. <u>See</u> <u>id.</u> at 6, 13. Given his level of experience and that his reports ultimately helped petitioner reach a favorable outcome via stipulation, the undersigned finds the requested hourly rate and billed hours are reasonable and result in an award of $6,300.00.

Dr. Bodor billed a total of 19.1 hours at a rate of $500.00 per hour. Exhibit 57 at 49. Based on the content of Dr. Bodor's expert report, the role his expert report played in petitioner receiving a favorable outcome via stipulation, and the work documented by Dr. Bodor's invoices, his requested hours appear reasonable. Additionally, Dr. Bodor's requested rate is consistent with what has previously been found reasonable for his work. <u>See, e.g.</u>, <u>Johnson v. Sec'y of Health & Hum. Servs.</u>, No. 17-059V, 2020 WL 7868159, at *4 (Fed. Cl. Spec. Mstr. Nov. 24, 2020). Accordingly, Dr. Bodor is awarded $9,550.00 for his work in this case.

Respondent objects to costs expended on discovery requests related to AAOS and Dr. Ring. These costs include a $75.00 AAOS witness payment and a $150.00 cost for service of process on Dr. Ring. The undersigned finds these costs to be reasonable.

For the remainder of the costs, petitioner has provided adequate documentation supporting all of the requested costs, and all appear reasonable in the undersigned's experience. Petitioner is therefore awarded $17,360.74 in costs.

D. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e).  Accordingly, I award a total of **$169,517.38** (representing $152,156.64 in attorneys' fees and $17,360.74 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Ms. Alison Haskins.  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.